**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:08-cr-00124-AWI |
| Plaintiff, | **ORDER CLARIFYING SENTENCE** |
| v. | |
| **ABEL REMIGIO-ONOFRE,** | |
| Defendants. | |

The United States has requested clarification from this Court regarding the application of credit for time served in the above-entitled action. The United States represents that the Federal Bureau of Prisons followed the procedure set forth in Program Statement 5880.28, by sending a letter to the United States identifying what it believes to be a computation error in credit for time served. The Court has considered the Bureau of Prisons concerns and makes clear now that the initial calculation is correct.

Defendant was charged in this action with offenses involving the distribution of controlled substances. *See* Doc. 148. He was also charged in a separate action with being a deported alien found in the United States.

Defendant Remigio-Onofre was taken into federal custody on March 7, 2008.[1] Doc. 471 at 23. On October 14, 2008, Defendant was sentenced in case number 1:08-cr-00071 to a 27-month term of imprisonment for being a deported alien found in the United States. *United States*

---

[1] The United States indicates that the Defendant was in custody beginning on March 4, 2008.

1   *v. Remigio-Onofre*, Case No. 1:08-cr-00071, Doc. 21 (E.D. Cal. Oct. 14, 2015). On March 10,

2   2010, the defendant satisfied the 27-month sentence imposed.

3         On February 19, 2010, Defendant pled guilty to attempted distribution of

4   methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced on May 3,

5   2010 to 151 months to run concurrent with the sentenced imposed in case number 1:08-cr-00071.

6   Unbeknownst to the sentencing court, that term of imprisonment had already run. The sentencing

7   court made the additional order that Defendant was to receive credit for time served since his

8   entry into federal custody on March 7, 2008 through the date of his sentencing, May 3, 2010.

9   Doc. 471 at 23.

10        The United States suggests that Defendant should not receive credit for the time served

11  between March 10, 2010 and May 2, 2010—the time after termination of illegal reentry sentence

12  and before the imposition of the drug sentence. That suggestion is incorrect. 18 U.S.C. §

13  3585(b), governing calculation of credit for prior custody, allows the court to grant custody

14  credit for any time spent in official detention prior to the date that a sentence commences as a

15  result of the offense for which the sentence was imposed.[2] Defendant was taken into federal

16  custody, in part due to the drug charges, on March 7, 2008. He was not released from custody

17  between March 10, 2010 and May 2, 2010. He was officially detained by order of this Court in

18  that period. *See* Doc. 87. Defendant was and is eligible for custody credit for that period of

19  incarceration.

20

21  IT IS SO ORDERED.

22  Dated:   August 3, 2016

23                          SENIOR  DISTRICT  JUDGE

24

25

26

27  [2] Section 3585 generally restricts custody credit to custody time not credited against other sentences. However, because the drug sentence in this matter was imposed concurrently with the unlawful reentry sentence, section 3585

28  does not operate to preclude custody credit for the drugs sentence during the period of time that Defendant served his unlawful reentry sentence.